Luis Sanquírico, Appellant, *v.* Registrar of Property of Caguas, Respondent.

No. 872. Submitted November 7, 1932.—Decided December 23, 1932.

315

*Luis Castro* for appellant. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the Court.

Luis Sanquírico sued Carmen Paradís in the District Court of San Juan in an ordinary action for foreclosure of a mortgage on the property No. 3937, quadruplicate, recorded at volume 159 of Caguas, and notice of his complaint was recorded in the Registry of Property of Caguas on October 3, 1930. Six months afterward when the mortgaged property appeared recorded in the name of José Fernández Lema, Sanquírico again sued Carmen Paradís in the Municipal Court of Río Piedras in an ordinary action for the foreclosure of the mortgage, in which action the mortgaged property was awarded to him and the cancellation of the record in favor of José Fernández Lema was ordered. This cancellation was refused by the registrar and affirmed by us in the case of *Sanquírico v. Registrar*, 43 P.R.R.——*. Subsequently Sanquírico obtained another order from the Municipal Court of Río Piedras directing the cancellation of the record made in favor of Fernández Lema and on the same day the clerk issued the corresponding writ, but when the writ was presented in the Registry of Property of Caguas the property was already recorded in the name of Félix Sotelo Taboa. The registrar refused to effect the cancellation ordered and this appeal was taken.

---

* Note: See Preface of this volume.

The grounds that the registrar had for his refusal are as follows: "First, because the action is an action *in rem* and should have been brought against José Fernández Lema who held a recorded title to the property at the time the suit was commenced; second, because a real action being involved the same should have been brought in the court of the district where the property is located; third, the order and the writ bear the same date and it does not appear that said order is final (*firme*); and, fourth, because the property now appears recorded in the name of Félix Sotelo Taboa, a third person who was not a party to the suit, and the cancellation of Fernández Lema's title would be equivalent to a cancellation of the record made in favor of Sotelo Taboa."

Mortgage credits may be foreclosed by the summary process provided in the Mortgage Law and its Regulations and also, as was done in the present case, in accordance with the decisions of this Court, by an ordinary action for the recovery of the debt and the sale of the mortgaged property, but in either case the action must be brought against the person appearing in the registry as the owner of the mortgaged property at the time the action is brought, as is required by section 129 of the Mortgage Law, the reason for such provision being that the actual owner, because of his interest in the property, should be sued rather than one who has no further interest therein, which principle is applicable to cases of foreclosure by ordinary action inasmuch as the same reason exists in both kinds of proceeding; and since the action in this case was brought against Carmen Paradís, and not against José Fernández Lema who was the owner of the property when the action was brought, the registrar's refusal to effect the cancellation was proper.

Section 75 of the Code of Civil Procedure provides that actions for the foreclosure of mortgages must be brought in the district where the mortgaged property is located; and, although section 77 authorizes a court to assume jurisdiction

when the defendant voluntarily submits or agrees thereto, or when he appears for any purpose other than to request a removal of the action to the proper court, there was no such submission of the defendant in this case, and therefore the Municipal Court of Río Piedras had no jurisdiction to entertain an action for the foreclosure of a mortgage on a property located in the district of Caguas.

The fact that the property was recorded in the name of Félix Sotelo Taboa before the issuance of the order of cancellation is not sufficient reason to warrant the registrar's refusal to cancel the record in favor of Fernández Lema, since we are not dealing with the recording of a title while the property is recorded in the name of a third person.

In view of the conclusions we have reached, it becomes unnecessary to decide whether or not a refusal to comply with the order of cancellation would be proper on the ground that said order is not final (*firme*).

The decision appealed from must be affirmed.